## SANTANO CASINOVA *v.* THE STATE

1. CONTINUANCE.— Though an application for a continuance meet all the requirements of the law, it is not granted as a matter of right, but is addressed to the sound discretion of the court; yet it is expressly provided by statute that, should an application for a continuance be overruled and the defendant convicted, if it appear upon the trial that the evidence of the witness named in the application was of a material character, and that the facts set forth in the application were probably true, a new trial should be granted.
2. SAME — EVIDENCE — NEW TRIAL.— See the opinion *in extenso* for evidence held insufficient to sustain a conviction for theft, and for

a case wherein a new trial should have been granted, 1, because the application for a continuance was good and sufficient; 2, because the evidence of the witness named in the application was of a material character, and the facts set forth in the application probably true.

APPEAL from the District Court of Atascosa. Tried below before the Hon. J. R. MASON, Special Judge.

The opinion states the case.

No brief for the appellant has reached the Reporters.

*H. Chilton*, Assistant Attorney General, for the State.

WILLSON, J.   The defendant was convicted of the theft of a certain red heifer, the alleged property of Joseph Finger, and his punishment was assessed at confinement in the penitentiary for two years.

It appears from the evidence that in 1877 the red heifer in question, which was the property of Joseph Finger, was running with the cattle of one Rodriguez in Atascosa county.   One Casimiro Fernandez, who was in the employ of Rodriguez as corporal, and who as such corporal had charge and control of the cattle and of the particular herd in which was this particular heifer, went, in company with defendant, to the herd, and Fernandez cut out this heifer from the herd, and defendant assisted him in driving her off, and she was seen no more.   The heifer was in the mark and brand of Finger, but had always run with the cattle of Rodriguez, and when taken was about two years old.   It was proved that the heifer was taken without the consent of Finger, the owner, and without the consent of Rodriguez, with whose cattle it ran.   This is the whole case as made by the evidence in the record.

The defendant, when the case was called for trial, made application for a continuance of the cause, for the want of the testimony of one Pablo Olivari, by whom, he

stated, he expected to prove that Casimiro Fernandez was the party who had charge of and killed the animal alleged to have been stolen, and that defendant was induced to aid said Fernandez, believing that said animal was the property of said Fernandez, or that he was duly authorized to kill and use the same; and that defendant did not know at the time that said Fernandez was not authorized to kill and appropriate said animal, and was perfectly innocent of any wrong. The application set forth fully the diligence which defendant had used to obtain the testimony of this witness, and we think the diligence shown was sufficient, and that the application in all respects complied with and filled the measure of the law. The evidence of the witness Olivari is unquestionably of a material character, and is not inconsistent with any of the facts proved, and is therefore probably true. The defendant excepted to the action of the court overruling his application for a continuance, and the same is therefore properly before this court for consideration.

The truth of an application for a continuance, as well as the merit of the ground set forth therein, and its sufficiency, is addressed to the sound discretion of the court called to pass upon the same, and it is not granted as a matter of right, although it may meet all the requirements of the law. But it is provided that, should an application for a continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted. (Code Crim. Proc. art. 560.)

In this case we are of opinion, 1, that the evidence is insufficient to sustain the verdict. 2. That the defendant's application for continuance was a good and sufficient one. 3. That the evidence of the witness named in said application was of a material character, and that the

facts set forth in said application are probably true; and, 4, that the court erred in not granting defendant a new trial.

Other errors have been assigned by defendant's counsel, but they are of a nature that renders our determination of them unnecessary.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*